**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RAFAEL ALBERTO FLORES,** ) | |
| **ID # 26574-064,** ) | |
| Movant, ) | No. 3:11-CV-2410-O (BH) |
| vs. ) | No. 3:09-CR-0121-O (01) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | Referred to U.S. Magistrate Judge |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the motion to vacate should be **DENIED**.

**I. BACKGROUND**

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:09-CR-0121-O (1). The respondent is the United States of America (Government).

**A. Factual and Procedural History**

On January 1, 2010, movant and nine others were charged by superseding indictment with a narcotics trafficking conspiracy in violation of 18 U.S.C. § 846. (*See* doc. 5).[1] Movant pled guilty pursuant to a plea agreement on December 16, 2010. (docs. 169, 173). On March 24, 2011, he was sentenced to a 72-month sentence, followed by a five-year term of supervised release. (docs. 190, 192). He did not appeal his conviction or sentence.

On September 13, 2011, movant filed a *pro se* motion requesting modification of his

---

[1] All document numbers refer to the docket number assigned in the underlying criminal action.

sentence based on the Narcotic Addict Rehabilitation Act of 1966 (NARA). (doc. 199). On September 15, 2011, the court issued an order construing the filing as a motion to vacate filed under 28 U.S.C. § 2255. Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), the order provided that if movant intended to file a § 2255 motion, he must file an amended motion on the standard § 2255 form within 30 days that included all grounds of relief he was asserting. (doc. 202).[2]

Movant filed an amended § 2255 motion raising four claims: (1) he is entitled to have his sentence modified under NARA and to be immediately released; (2) his drug addition should be considered as a mitigating factor under 28 U.S.C. § 3553; (3) his sentence should be modified under Rule 35 because he provided substantial assistance to the government and because he has never before been in federal prison; and (4) his sentence is excessive because the Court considered his prior domestic abuse case as a felony rather than as a misdemeanor, and because a DWI charge that was pending when he was sentenced has since been dismissed. (Amended Motion at 7-8, 11-12).

## II. WAIVER

Movant voluntarily pled guilty and waived his right to collaterally attack his conviction, except for claims challenging the voluntariness of his plea and waiver and ineffective assistance of counsel. (*See* doc. 169). Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "A defendant's waiver of [his or] her right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). A

---

[2] The order also advised movant that if he intended to file a § 2255 motion, any future § 2255 motions would be subject to the restrictions on second or successive motions in 28 U.S.C. § 2244(b). The order also permitted movant to withdraw his motion if he did not intend to file a § 2255 motion. (*See* doc. 202).

defendant's waiver of the right to appeal requires special attention from the district court, and it is the district court's responsibility to ensure that a defendant fully understands his right to appeal and the consequences of waiving that right. *Id.*

Movant does not contend in any of his claims either that his guilty plea or waiver were involuntary or that his attorney was ineffective in his representation. Because his claims fall outside this narrow exception, he may not assert them in this § 2255 motion, and they should be dismissed.

### III. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Even were movant's claims cognizable in a § 2255 motion, they are without merit and subject to summary dismissal.

Movant contends that he should have been sentenced under NARA. That statute was repealed in 1984. *See* 18 U.S.C. §§ 4251 to 4255, *repealed by* Pub.L. 98-473, Title II, § 218(a)(6), Oct. 12, 1984, 98 Stat. 2027. He also contends that his drug addiction should have been taken into consideration as a sentencing factor under § 3553, and that his sentence should be lowered under Rule 35 because he provided substantial assistance to the government and has never been in federal prison before. However, movant was sentenced to 72 months, substantially less than the advisory 120-135 month guideline range determined to be applicable in the pre-sentence report (PSR). (*See* doc. 177). The district court specifically explained that while it was adopting the PSR in its entirety, it was imposing a sentence lower than the minimum mandatory sentence of 120 months and lower than the advisory guideline range because of movant's substantial assistance and because of the

3

concerns listed in § 3553(a). (doc. 193). The court has therefore already considered movant's addiction and substantial assistance in sentencing him.[3]

Movant lastly contends that his sentence is excessive because it was incorrectly based on a previous charge that was a misdemeanor but categorized as a felony, and because a then-pending charge was dismissed. According to the PSR, the applicable guideline range was 108-135 months based on movant's criminal history and the offense of conviction, but it was raised to 120-135 months because the statutorily required minimum sentence was 120 months. (PSR at 10). Movant received a 72-month sentence that was three years less than the low range for his criminal history and offense and four years less than the statutorily required minimum sentence. He has not shown any harm from any alleged error in his criminal history as outlined in the PSR.

Because it plainly appears from the record of prior proceedings that movant is not entitled to relief based on the grounds he raises, this action is subject to summary dismissal.

## IV.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V.  RECOMMENDATION

Movant's motion to vacate, set aside, or correct sentence should be summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

---

[3] Rule 35 of the Federal Code of Criminal Procedure provides for a reduction in a defendant's sentence after sentencing for substantial assistance only where the government files a motion requesting the reduction. It does not provide for a reduction upon a motion from the defendant. *See* FED. R. CRIM. PROC. 35(b).

**SIGNED this 23rd day of January, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE